**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRYSTAL CANTY,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF PHILADELPHIA**<br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. ____________________** |

**NOTICE OF REMOVAL**

Defendant City of Philadelphia timely removes this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, the City states:

1. Plaintiff Crystal Canty initiated this action against the City of Philadelphia by Writ of Summons in the Philadelphia Court of Common Pleas on September 24, 2026. *See* Exhibit A.

2. Ms. Canty filed her Complaint against the City in the Philadelphia Court of Common Pleas on October 23, 2026. *See* Exhibit B.

3. Ms. Canty claims that the City's Department of Licenses and Inspections did not give her adequate notice before demolishing a rental property she owned at 4131 N. Broad Street, Philadelphia, PA 19140 after a fire damaged it. *See id.* ¶¶ 4–15.

4. Ms. Canty asserts that the City violated her constitutional due process rights. *See id.* ¶¶ 22–37.

5. Ms. Canty also asserts that the City is liable for conversion and municipal negligence and seeks declaratory relief. *See id.* ¶¶ 38–47.

6. Removal to this Court is proper because it has subject matter jurisdiction over Ms. Canty's claims. *See* 28 U.S.C. § 1441(a) (allowing removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . .").

7. District Courts like the United States District Court for the Eastern District of Pennsylvania have federal question jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

8. A civil action arises under the Constitution, laws, or treaties of the United States when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *See Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9–11 (1983)), *cert denied.* 581 U.S. 992 (2017); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (explaining federal question jurisdiction usually involves "cause[s] of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)").

9. The United States District Court for the Eastern District of Pennsylvania has federal question subject matter jurisdiction over Ms. Canty's due process claims because they are claims created by federal law.

10. This Court also has subject matter jurisdiction over Ms. Canty's state law claims through supplemental jurisdiction. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

11. Removal to this Court is also procedurally proper.

12. The City is properly removing Ms. Canty's case to this Court, which is "the district court of the United States for the district and division embracing" the Philadelphia County Court of Common Pleas. *See* 28 U.S.C. § 1441(a) (allowing removal to the district court "embracing the place where [the state court] action is pending").

13. The City is timely removing Ms. Canty's case because it is removing her case within thirty days after receiving her Complaint on October 26, 2026. *See* 28 U.S.C. § 1446(b)(1).

14. The City is the sole Defendant and thus all Defendants who have been properly joined and served consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A).

15. Copies of "all process, pleadings, and orders served" on the City are attached in Exhibits A and B. *See* 28 U.S.C. § 1446(a).

16. The undersigned counsel will serve a true and correct copy of this Notice of Removal and its exhibits to Ms. Canty's counsel under 28 U.S.C. § 1446(d).

17. The undersigned counsel also will file true and correct copies of this Notice of Removal and its exhibits, along with a separate Notice of Filing of Notice of Removal, with the Prothonotary of the Philadelphia County Court of Common Pleas under 28 U.S.C. § 1446(d). The Notice of Filing of Notice of Removal is attached as Exhibit C.

18. The City does not waive any available defenses or admit any of Ms. Canty's allegations by filing this Notice of Removal.

**WHEREFORE**, Defendant City of Philadelphia respectfully requests that the State Court Action docketed at No. 260903181 in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date: November 5, 2026

*/s/ Maureen O'Kane*

Maureen O'Kane
Assistant City Solicitor
Attorney ID: 334263
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5362
maureen.okane@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRYSTAL CANTY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. ____________________** |
| **v.** | : | |
| **CITY OF PHILADELPHIA** | : | |
| **Defendant.** | : | |

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the attached Notice of Removal on Ms. Canty's counsel on the date indicated below via email:

TO:

**van der Veen, Hartshorn & Levin**
Michael T. van der Veen
1219 Spruce Street
Philadelphia, PA 19107
(215) 546-1000
mtv@mtvlaw.com

*Counsel for Plaintiff*

**van der Veen, Hartshorn & Levin**
Brian D. Schroeder Jr.
1219 Spruce Street
Philadelphia, PA 19107
(267) 570-3132
bschroeder@mtvlaw.com

*Counsel for Plaintiff*

Respectfully submitted,

Date: November 5, 2026

*/s/ Maureen O'Kane*
Maureen O'Kane
Assistant City Solicitor
Attorney ID: 334263
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5362
maureen.okane@phila.gov

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2026** **03181**

E-Filing Number: 2609062376

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CRYSTAL CANTY | CITY OF PHILADELPHIA |
| PLAINTIFF'S ADDRESS<br>504 DEVERAUX AVENUE<br>PHILADELPHIA PA 19111 | DEFENDANT'S ADDRESS<br>1515 ARCH ST 14TH FLOOR<br>PHILADELPHIA PA 19102 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 1

COMMENCEMENT OF ACTION

- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition Action
- ☐ Transfer From Other Jurisdictions
- ☐ Notice of Appeal

AMOUNT IN CONTROVERSY

- ☐ $50,000.00 or less
- ☒ More than $50,000.00

COURT PROGRAMS

- ☐ Arbitration
- ☒ Jury
- ☐ Non-Jury
- ☐ Other:
- ☐ Mass Tort
- ☐ Savings Action
- ☐ Petition
- ☐ Commerce
- ☐ Minor Court Appeal
- ☐ Statutory Appeals
- ☐ Settlement
- ☐ Minors
- ☐ W/D/Survival

CASE TYPE AND CODE

40 - PERSONAL PROPERTY DAMAGE-OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
SEP 24 2026
C. HEIM

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CRYSTAL CANTY

Papers may be served at the address set forth below.

| | |
|---|---|
| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>BRIAN D. SCHROEDER | ADDRESS<br>1219 SPRUCE STREET<br>PHILADELPHIA PA 19146 |
| PHONE NUMBER<br>(267)570-3132 | FAX NUMBER<br>none entered |
| SUPREME COURT IDENTIFICATION NO.<br>330295 | E-MAIL ADDRESS<br>bschroeder@mtvlaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*BRIAN SCHROEDER* | DATE SUBMITTED<br>Thursday, September 24, 2026, 07:16 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**VAN DER VEEN, HARTSHORN & LEVIN**
**BY: Michael T. van der Veen**
**ID No. 75616**
**Brian D. Schroeder Jr.**
**ID. No. 330295**
**1219 Spruce Street**
**Philadelphia, PA 19107**
**P: (215) 546-1000**
**F: (215) 546-8529**

Filed and Attested by the
Office of Judicial Records
24 SEP 2026 07:16 pm
C. HEIM

**MAJOR JURY**
**ATTORNEYS FOR PLAINTIFF**

| | | |
|---|---|---|
| **CRYSTAL CANTY**<br>**504 Deveraux Avenue**<br>**Philadelphia, PA 19111**<br><br>**Plaintiff,**<br>**v.**<br><br>**CITY OF PHILADELPHIA,**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br><br>**Defendants.** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**No.:** |

**PRAECIPE TO ISSUE WRIT OF SUMMONS**

*TO THE OFFICE OF JUDICIAL RECORDS:*

Kindly issue a Writ of Summons in the above captioned civil action.

**VAN DER VEEN, HARTSHORN & LEVIN**

**BY:** Brian Schroeder
**Brian D. Schroeder Jr., Esquire**
***Attorneys for Plaintiff***

Date: September 24, 2026

**VAN DER VEEN, HARTSHORN & LEVIN**
**BY: Michael T. van der Veen**
**ID No. 75616**
**Brian D. Schroeder Jr.**
**ID. No. 330295**
**1219 Spruce Street**
**Philadelphia, PA 19107**
**P: (215) 546-1000**
**F: (215) 546-8529**

**MAJOR JURY**
**ATTORNEYS FOR PLAINTIFF**

| | | |
|---|---|---|
| **CRYSTAL CANTY**<br>**504 Deveraux Avenue**<br>**Philadelphia, PA 19111**<br><br>**Plaintiff,** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| **v.** | : | **No.:** |
| **CITY OF PHILADELPHIA,**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br><br>**Defendants.** | : | |

**SUMMONS IN CIVIL ACTION**

**TO:** **CITY OF PHILADELPHIA,**
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFFS HAS COMMENCED AN ACTION AGAINST YOU.

Prothonotary/Clerk, Civil Division

Deputy

Dated: September 24, 2026

OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
260903181
24 SEP 2026 07:16 pm
C. HEIM

Filed and Attested by the Office of Judicial Records 30 SEP 2026 11:48 am A. FORD

# AFFIDAVIT OF SERVICE

**Commonwealth of Pennsylvania** **County of Philadelphia** **Common Pleas Court**

Case Number: SEPTEMBER 2026 3181

Plaintiff:
**CRYSTAL CANTY**

vs.

Defendant:
**CITY OF PHILADELPHIA**

For:
VAN DER VEEN, HARTSHORN & LEVIN
1219 Spruce St.
Philadelphia, PA 19107

Received by COURT HOUSE LEGAL SERVICES, INC. to be served on **CITY OF PHILADELPHIA, 1515 ARCH ST, 14TH FL, PHILADELPHIA, PA 19102**.

I, Joe Smiley, being duly sworn, depose and say that on the **28th day of September, 2026** at **10:48 am, I:**

**AUTHORIZED:** served by delivering a true copy of the **WRIT OF SUMMONS** to **MILLIE COLON** as **CLERK/AUTHORIZED AGENT**, who is authorized to accept service for: **CITY OF PHILADELPHIA** at the address of: **CITY_CLOSURE_COMPLAINTS@PHILA.GOV**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18 and have no interest in the above action.

**Joe Smiley**
Process Server

**COURT HOUSE LEGAL SERVICES, INC.**
**112 Haddontowne Ct, Ste. 304**
**Cherry Hill, NJ 08034**
**(856) 428-4700**

Our Job Serial Number: CHL-2026010663
Ref: CANTY, CRYSTAL

Subscribed and Sworn to before me on the 29th day of September, 2026 by the affiant who is personally known to me.

NOTARY PUBLIC

CHRISTOPHER J MULLEN
Notary Public, State of New Jersey
Commission # 2389225
My Commission Expires Sep 3, 2029

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Outlook

**RE: Service of PCCP Writ of Summons - SEPT 2026 #3181, Canty v. City of Philadelphia**

**From** City Closure Complaints <City_Closure_Complaints@Phila.gov>
**Date** Mon 2026-09-28 10:48 AM
**To** Court House Legal Office <chls@courthouselegal.com>

I accept service of the Writ of Summons with Notice to Defend and Plaintiff's Verification in the above matter (260903181) on behalf of the City of Philadelphia **only** and certify that I am authorized to do so.

Milagros Colon(Millie)
Data Services Support Clerk
City of Philadelphia
Law Department/Tort Litigation Unit
1515 Arch St, 14th fl
Phila., Pa 19102
milagros.Colon@phila.gov

**From:** Joe Smiley <joe.smiley@courthouselegal.com> **On Behalf Of** Court House Legal Office
**Sent:** Monday, September 28, 2026 10:17 AM
**To:** City Closure Complaints <City_Closure_Complaints@Phila.gov>
**Subject:** Service of PCCP Writ of Summons - SEPT 2026 #3181, Canty v. City of Philadelphia

**External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.**

Good morning,

Attached is a PCCP writ of summons for service on City of Philadelphia in the matter of Canty v. City of Philadelphia, SEPT 2026 #3181. Please confirm that you accept service obo City of Philadelphia.

Thank you,

Joe Smiley
Data Support

Court House Legal Services
112 Haddontowne Court, Ste 304
Cherry Hill, NJ 08034
856-428-4700
800-242-9779

# EXHIBIT B

**VAN DER VEEN, HARTSHORN & LEVIN**
**BY: Michael T. van der Veen**
**I.D. No. 75616**
**Brian D. Schroeder Jr.**
**I.D. No. 330295**
**1219 Spruce Street**
**Philadelphia, PA 19107**
**P: (215) 546-1000**
**F: (215) 546-8529**

Filed and Attested by the Office of Judicial Records 23 OCT 2026 02:38 pm A. BAILEY

**ATTORNEYS FOR PLAINTIFF**

| | |
|---|---|
| **CRYSTAL CANTY**<br>504 Deveraux Avenue<br>Philadelphia, PA 19111<br>***Plaintiff,*** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| **v.** | Case No. 260903181 |
| **CITY OF PHILADELPHIA**<br>Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>***Defendant.*** | JURY TRIAL DEMANDED |

Plaintiff Crystal Canty by and through her undersigned counsel, bring this action against Defendant City of Philadelphia and allege as follows:

## PARTIES

1. Plaintiff Crystal Canty is an adult who resides at the above address located in Pennsylvania.

2. Defendant City of Philadelphia is a municipality organized under Pennsylvania law.

3. Defendant City oversees and is responsible for the Department of Licenses and Inspections ("L&I"), which is a department of the City responsible for code enforcement, dangerous-building determinations, and demolitions. Philadelphia's L&I is responsible for inspecting and demolishing dangerous structures.

**FACTUAL BACKGROUND**

4. Plaintiff owned residential real property at 4131 N. Broad Street Philadelphia, PA 19140 (the "Subject Premises").

5. Plaintiff rented the property out to multiple tenants.

6. On or about January 31, 2026, the property sustained substantial fire damage.

7. Prior to the fire, Plaintiff possessed fee ownership rights in the structure and land.

8. Following the fire, Plaintiff maintained ownership rights, insurance rights, repair rights, and redevelopment rights concerning the property.

9. On February 1, 2026, Defendant issued Violation Notice No. CF-2026-008741 declaring the property "imminently dangerous."

10. The notice ordered Plaintiff to correct violations by February 10, 2026.

11. The notice further directed Plaintiff to retain a Pennsylvania licensed engineer, prepare remediation plans, obtain permits, and perform corrective work.

12. Despite providing Plaintiff until February 10, 2026 to undertake corrective action and despite providing an appeal deadline of February 6, 2026, Defendant caused the property to be demolished on or about February 2, 2026, just two days after the fire.

13. Plaintiff did not authorize, request, or consent to the demolition.

14. Upon information and belief, Defendant deprived Plaintiff of any meaningful opportunity to retain an engineer, present alternative means of stabilization, pursue repairs, exercise appellate rights, or otherwise prevent demolition.

15. Upon information and belief, Defendant failed to provide Plaintiff with meaningful pre-deprivation notice and an opportunity to object before destroying the structure.

16. Upon information and belief, Defendant failed to employ less drastic alternatives before ordering demolition.

17. Upon information and belief, Defendant failed to utilize less intrusive alternatives including temporary stabilization, fencing, shoring, securing, partial demolition, emergency bracing, or other protective measures.

18. Upon information and belief, Defendant knew or should have known that demolition would permanently destroy Plaintiff's ability to inspect, repair, stabilize, preserve, or reconstruct portions of the structure.

19. Following demolition, Defendant assessed demolition costs against Plaintiff in excess of $100,000.

20. Defendant's actions substantially impaired Plaintiff's property rights and financial interests.

21. Plaintiff has suffered economic loss, loss of property value, emotional distress, delay damages, litigation expenses, and other consequential injuries.

**<u>COUNT I</u>**

**FOURTEENTH AMENDMENT DUE PROCESS & SECTION 1983 (42 U.S.C. §1983)**

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff possessed a protected Fourteenth Amendment property interests in the Subject Premises.

24. Defendant acted under color of state law.

25. Defendant deprived Plaintiff of her property interests without due process by demolishing the Subject Premises two days after the fire.

26. Defendant failed to provide constitutionally adequate notice and an opportunity to be heard before demolition.

27. Alternatively, if Defendant contends that an emergency existed, no genuine emergency justified dispensing with procedural safeguards.

28. As a direct and proximate result, Plaintiff suffered damages, including but not limited to, complete loss of her real property and improvements.

## COUNT II

## SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30. Defendant's conduct was arbitrary, irrational, and conscience shocking.

31. Defendant exercised governmental authority in a manner lacking a reasonable factual basis.

32. Defendant intentionally or recklessly disregarded Plaintiff's property rights.

33. Plaintiff suffered damages as a result.

## COUNT III

## MUNICIPAL LIABILITY (MONELL)

34. Plaintiffs reallege and incorporate by reference paragraphs 1 through 33 as though fully set forth herein.

35. The constitutional violations described herein were caused by municipal policies, customs, practices, failures to train, failures to supervise, or ratification by final policymakers.

36. Discovery is expected to reveal the specific policy, custom, practice, decision maker, or ratification responsible for the demolition.

37. Defendant is therefore liable under Monell.

## COUNT IV

## CONVERSION/DESTRUCTION OF PROPERTY

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

39. Defendant intentionally exercised dominion and control over Plaintiff's property.

40. Defendant destroyed the structure.

41. Plaintiff suffered damages as a result.

## COUNT V

## MUNICIPAL NEGLIGENCE/INVERSE CONDEMNATION

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Defendant's destruction of Plaintiff's property without the necessary due process constitutes an uncompensated regulatory and physical taking under the Pennsylvania Constitution.

44. As a direct result, Plaintiff suffered complete loss of her real property and improvements and suffered damages.

## COUNT VI

## DECLARATORY RELIEF

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 as though fully set forth herein.

46. An actual controversy exists regarding the legality of the demolition and the resulting charges and liens.

47. Plaintiff seeks a declaration that the demolition and/or resulting assessment were unlawful.

## JURY DEMAND

Plaintiff hereby demands that all issues so triable be determined by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendant, and award the following relief:

1. Compensatory damages;
2. Consequential damages;
3. Punitive damages against individual defendants;
4. Removal or invalidation of demolition charges and liens;
5. Attorney's fees and costs under 42 U.S.C. §1988;
6. Prejudgment and post-judgment interest;
7. Declaratory relief;
8. Such other relief as the Court deems proper.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

By: Brian D. Schroeder Jr.
Michael T. van der Veen, Esq.
Brian D. Schroeder Jr., Esq.
*Attorneys for Plaintiff(s)*

Date: October 23, 2026

# VERIFICATION

I, Crystal Canty, verify that I am the Plaintiff herein and that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: DocuSigned by: C. Canty BE4BE6C0107C48B...

Dated: October 23, 2026

# AFFIDAVIT OF SERVICE

Filed and Attested by the
Office of Judicial Records
29 OCT 2026 11:07 am
L. BREWINGTON

OFFICE OF JUDICIAL RECORDS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

**Commonwealth of Pennsylvania** **County of Philadelphia** **Common Pleas Court**

Case Number: SEPTEMBER 2026 3181

Plaintiff:
**CRYSTAL CANTY**

vs.

Defendant:
**CITY OF PHILADELPHIA**

For:
VAN DER VEEN, HARTSHORN & LEVIN
1219 Spruce St.
Philadelphia, PA 19107

Received by COURT HOUSE LEGAL SERVICES, INC. to be served on **CITY OF PHILADELPHIA, 1515 ARCH ST., 14TH FL., PHILADELPHIA, PA 19102**.

I, Christopher J. Mullen, being duly sworn, depose and say that on the **26th day of October, 2026** at **2:57 pm, I:**

**AUTHORIZED:** served by delivering a true copy of the **COMPLAINT** to **MILLIE COLON** as **CLERK/AUTHORIZED AGENT**, who is authorized to accept service for: **CITY OF PHILADELPHIA** at the address of: **CITY_CLOSURE_COMPLAINTS@PHILA.GOV**, and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 29th day of October, 2026 by the affiant who is personally known to me.

NOTARY PUBLIC

MATTHEW J HOJNOWSKI
Notary Public, State of New Jersey
My Commission Expires May 25, 2028

**Christopher J. Mullen**
Process Server

**COURT HOUSE LEGAL SERVICES, INC.**
**112 Haddontowne Ct, Ste. 304**
**Cherry Hill, NJ 08034**
**(856) 428-4700**

Our Job Serial Number: CHL-2026011819
Ref: CANTY, CRYSTAL

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

**Matt Hojnowski**

**From:** City Closure Complaints <City_Closure_Complaints@Phila.gov>
**Sent:** Monday, October 26, 2026 2:57 PM
**To:** Court House Legal Office
**Subject:** RE: Servvice of Complaint - Sept 2026 #3181, Canty v City

I accept service of the Complaint with Notice to Defend and Plaintiff's Verification in the above matter (260903181) on behalf of the City of Philadelphia only and certify that I am authorized to do so.

Milagros Colon(Millie)
Data Services Support Clerk
City of Philadelphia
Law Department/Tort Litigation Unit
1515 Arch St, 14th fl
Phila., Pa 19102
milagros.Colon@phila.gov

-----Original Message-----
From: Chris Mullen <chris.mullen@courthouselegal.com> On Behalf Of Court House Legal Office
Sent: Monday, October 26, 2026 12:36 PM
To: City Closure Complaints <City_Closure_Complaints@Phila.gov>
Subject: Servvice of Complaint - Sept 2026 #3181, Canty v City

External Email Notice. This email comes from outside of City government. Do not click on links or open attachments unless you recognize the sender.

---

Hello

A Complaint is attached for service upon the City of Philadelphia for case Sept 2026 #3181, Canty v City. Please confirm you accept service on behalf of the City of Philadelphia. Thank you

Chris
Court House Legal Services
112 Haddontowne Court, Ste 304
Cherry Hill, NJ 08034
856-428-4700
800-242-9779

-----Original Message-----
From: no-reply@scan-to-email.courthouselegal.com <no-reply@scan-to-email.courthouselegal.com>
Sent: Monday, October 26, 2026 12:32 PM
To: Chris Mullen <chris.mullen@courthouselegal.com>
Subject: Message from "RNP5838798576EE"

This E-mail was sent from "RNP5838798576EE" (IM 5000).

Scan Date: 10.26.2026 12:32:09 (-0400)

# EXHIBIT C

City of Philadelphia Law Department
**Maureen O'Kane**
Assistant City Solicitor
Attorney ID: 334263
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5362
maureen.okane@phila.gov

| | |
|---|---|
| **CRYSTAL CANTY,** | |
| Plaintiff, | PHILADELPHIA COUNTY COURT OF COMMON PLEAS |
| v. | |
| **CITY OF PHILADELPHIA,** | SEPTEMBER TERM, 2026 |
| Defendant. | NO.: 03181 |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

**TO THE PROTHONOTARY:**

Please take notice that on November 5, 2026, Defendant City of Philadelphia removed this case to the United States District Court for the Eastern District of Pennsylvania by filing a Notice of Removal with that Court. A copy of the Notice of Removal and all supporting papers are attached as Exhibit 1. Under 28 U.S.C. § 1446(d), this Court may proceed no further unless and until the case is remanded.

Respectfully submitted,

Date: November 5, 2026

*/s/ Maureen O'Kane*
Maureen O'Kane
Assistant City Solicitor
Attorney ID: 334263
City of Philadelphia Law Department
1515 Arch Street, 14th Floor

Philadelphia, PA 19102
(215) 683-5362
maureen.okane@phila.gov